# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROCKHILL INSURANCE COMPANY** | * | **CIVIL ACTION NO.** |
| **v.** | * | **SECTION** |
| **TCI PACKAGING, LLC D/B/A TCIP PACKAGING, LLC** | * | **JUDGE** |
| | * | **MAGISTRATE** |

* * * * * * * * * * * * * * * * * * * *

## COMPLAINT FOR DECLARATORY JUDGMENT

**NOW INTO COURT**, through undersigned counsel, comes plaintiff Rockhill Insurance Company ("Rockhill") who seeks a judgment against TCI Packaging, LLC d/b/a TCIP Packaging, LLC ("TCI"), seeking a judgment declaring that there are no obligations under Policy No. GENL008444-03 in connection with a Complaint filed by TM Claims Service, Inc., Tokio Marine & Nichido Fire Insurance Co., Ltd., and Tokio Marine America Insurance Company ("Tokio"), against TCI Packaging, LLC d/b/a TCIP Packaging, LLC.

## NATURE OF THE ACTION

### I.

This is an action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure to determine an actual case or controversy regarding Rockhill's Policy No. GENL008444-03, issued to TCI for the policy period June 15, 2017, to June 15, 2018.[1]

---

[1] Exhibit 1.

{00618025.DOCX;1}

**II.**

Policy No. GENL008444-03 does not provide coverage for the damages alleged in the Complaint filed by Tokio.

**III.**

Accordingly, Rockhill seeks a judgment declaring that Rockhill does not have any obligations under Policy No. GENL008444-03 in connection with alleged damages as set forth in the Complaint filed by Tokio against TCI.

**JURISDICTION AND VENUE**

**IV.**

Pursuant to 28 U.S.C. § 1332(e), this Court has diversity jurisdiction because the matter in controversy exceeds $75,000, exclusive of interest and costs, and because the action is between citizens of different states.

**V.**

Pursuant to 28 U.S.C. § 1391(b), venue is proper because the defendant TCI resides in the State of Louisiana, in this judicial district, and because all of the property that is the subject of this action was situated in this judicial district at the time it was allegedly damaged.

**VI.**

An actual controversy within the meaning of 28 U.S.C. § 2201 exists between the parties.

## PARTIES

### VII.

Rockhill is a foreign insurance company doing business in the State of Louisiana, incorporated in the State of Arizona, and with its principal place of business in the State of Missouri.

### VIII.

TCI is a domestic limited liability company organized under the laws of the State of Louisiana, with its principal place of business located at 3900 France Road Parkway, New Orleans, Louisiana 70126.

## ACTION

### IX.

On May 10, 2021, TM Claims Service, Inc., Tokio Marine & Nichido Fire Insurance Co., Ltd., and Tokio Marine America Insurance Company filed a Complaint against TCI Packaging, LLC d/b/a TCIP Packaging, LLC. in the United States District Court, Eastern District of Louisiana, Case No. 2:12-cv-00927. In the Complaint, Tokio seek damages against TCI in the amount of $3,168,197.20 alleging that it is subrogated to the claims assigned by its insured, Mitsubishi International Polymer Trade Corporation, a company organized under the laws of the State of Delaware, who was engaged in the business of trading, among other products, polyvinyl chloride ("PVC") resin, which was allegedly damaged by TCI during packaging, palletization, and storage at TCI's facility.

**X.**

In the Complaint, Tokio alleges, in part, that various PVC resin cargos were shipped from TCI's facility and were received in damaged condition due to packaging deficiencies as per marine cargo survey reports attached to the Complaint. In addition, Tokio alleges that TCI conducted a Root Cause Investigation of the reported deficiencies and produced a Report, dated May 2, 2018, which confirmed the damages were due to TCI's bad liners used in TCI's operations.

**XI.**

In October 2018, Rockhill conducted an investigation into seven wet PVC resin claims submitted by TCI to Rockhill, and on October 22, 2018, Rockhill denied coverage for the wet PVC resin claims, including the two claims to which Tokio alleges it is subrogated in the Complaint.

**XII.**

In connection with its coverage analysis, Rockhill's coverage counsel met with Kerri Kane and Manuel Areas at TCI's Super Sack Facility for inspection of TCI's operations and the remaining wet PVC resin. On October 5, 2018, Rockhill received a Summary of Events Related to TCI Packaging Web Product Claims, and a box of documents (work orders, bills of lading, and container tickets) from TCI. On October 19, 2018, Rockhill's coverage counsel met, informally, with Christian Jensen, President of Jensen Companies, LLC, the holding company for TCI.

**XIII.**

The following is a summary of the relevant facts provided to and utilized by Rockhill in its coverage analysis:

TCI operates a Super Sack Facility at France Road Parkway in New Orleans ("FRPSS Facility").  At the FRPSS Facility, TCI packages Polyvinyl Chloride ("PVC") resin from railcars into 1.3 metric ton "super sack" bags and onto pallets.  Super sack bags, also called "jumbo bags," "totes," or "big bags," are bags that normally contain one metric ton or more of raw product.  TCI's super sack bags generally hold 2,866 pounds of PVC resin.  The bags, once placed on pallets, are stored outside until TPI's customers (petrochemical manufactures and traders) request that the bags be shipped overseas via 40' ocean containers.

The following is contained in the "Summary of Events" and was confirmed by Mr. Areas and Mr. Jensen:

> Beginning in March 2018, TCI received a multitude of complaints related to wet product.  TCI packaged 424 railcars between January and June 2018 at the FRPSS facility, amounting to approximately 28,832 bags.  The first shipment of this product took place in January 2018.  Product packaged during this period would have arrived overseas between approximately March 2018 and August 2018.
>
> * * *
>
> Where wet product was discovered, the liners encasing the . . . product had not been properly tied at the top of the bag before the outer super sack was tied and the outer lid was secured.  It was determined that the bag hangers had not correctly followed the bagging process, and instead of ensuring that the liner was properly pulled up to the top of the bag prior to filling the bag with product, the bag hangers had allowed PVC to flow on top of the liners, leaving the PVC unprotected from the elements despite the fact that the lid was placed on the top of the bag.  This process failure resulted in the presence of varying degrees of wet product. . . .  Thus, TCI discovered the root cause of the problem - a process failure whereby bag hangers failed to correctly follow the bagging process, did not secure bag liners properly, and instead allowed PVC to flow on top of the bag liner.  Because of this, product became wet in onsite storage prior to shipment overseas.

# THE ROCKHILL POLICY

## XIV.

Rockhill issued Policy No. GENL008444-03 to Transportation Consultants, Inc. for the policy period June 15, 2017, to June 15, 2018. Pursuant to NAMED INSURED ENDORSEMENT, RHIC 1080 (1/07), TCI Packaging, LLC, who packaged and shipped the wet PVC resin, is an additional named insured.

The following provisions of Policy No. GENL008444-03 are relevant to Rockhill's coverage analysis:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\* \* \*

**SECTION I COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGES LIABILITY**

1. Insuring Agreement

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.

\* \* \*

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(2) The "bodily injury" or "property damage" occurs during the policy period;

\* \* \*

2. Exclusions

This insurance does not apply to:

\* \* \*

j. Damage To Property

"Property damage" to:

\* \* \*

(4)   Personal property in the care, custody or control of the insured;

\* \* \*

(6)   That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

\* \* \*

Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

\* \* \*

k. Damage To Your Product

"Property damage" to "your product" arising out of it or any part of it.

\* \* \*

**SECTION V - DEFINITIONS**

\* \* \*

13.   "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \*

16.   "Products-completed operations hazard":

a.   all "bodily injury" and "property damage" occurring away from premises you own or

rent and arising out of "your product" or "your work" except:

(1) Products that are still in your physical possession;

*  *  *

17. "Property damage" means:

    a.    Physical injury to tangible property, including all resulting loss of use of that property.

*  *  *

21. "Your product"

    a. Means:

(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a) You;

*  *  *

22. "Your work"

    a. Means:

(1) Work or operations performed by you or on your behalf; and

(2) Materials, parts or equipment furnished in connection with such work or operations.

b. Includes

(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work". . . .

## ANALYSIS – NO COVERAGE

### XV.

The wet PVC resin claims occurred within Rockhill's policy period. However, based on Rockhill's investigation, there is no coverage for Tokio's claims. During Rockhill's investigation, Rockhill was informed that the PVC resin became wet at TCI's facility, before it was shipped overseas, as a result of improper packaging of the PVC resin by TCI's employees. Therefore, Exclusion j. Damage to Property (4) and (6) would apply because the PVC resin was personal property damaged while in the care, custody, or control of TCI and because the PVC resin must be replaced because TCI's work (packaging PVC resin) was performed incorrectly.

### XVI.

Also, based on Rockhill's investigation, the "products-completed operations hazard" does not apply because when the PVC resin became wet, it was still in TCI's physical possession.

### XVII.

In addition, based on Rockhill's investigation, Exclusion k. Damage To Your Product excludes coverage because by definition, the PVC resin is considered to be TCI's product when it was damaged: It was handled and distributed by TCI.

**WHEREFORE**, Rockhill respectfully requests this Court to enter judgment declaring that Policy No. GENL008444-03 issued by Rockhill to TCI does not provide any coverage to TCI and that Rockhill does not have a duty to defend TCI for the claims brought by Tokio against TCI in the Complaint filed in the United States District Court, Eastern District of Louisiana, Case No. 2:21-cv-00927.

Respectfully submitted,

**LOWE, STEIN, HOFFMAN,
ALLWEISS & HAUVER, L.L.P.**

_/s/ Max J. Cohen_____
**MAX J. COHEN (17515)
MELANIE C. LOCKETT (30601)
701 Poydras Street, Suite 3600
New Orleans, Louisiana 70139-7735
(504) 581-2450
(504) 581-2461 (Fax)
mcohen@lowestein.com
Attorneys for Rockhill Insurance Company**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record to this proceeding accepting service electronically via the CM/ECF or by hand delivery, fax, Federal Express, or U.S. Mail, postage prepaid and properly addressed to those who are not, on this 1st day of June, 2021.

_/s/ Max J. Cohen_